IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  No. CIV 98-117 BB/DJS

JAY DEE PFANNENSTIEL, and
GOLDEN GROWTH ENTERPRISES
COMPANY,

        Defendants.


MEMORANDUM OPINION AND ORDER
GRANTING PARTIAL SUMMARY JUDGMENT


      THIS MATTER is before the Court on the motion of the United States for partial summary judgment and response in opposition to motion to dismiss [#18].  The Court being fully apprised, FINDS the motion is well taken and it will be Granted.

I.      *Background*

      The United States commenced this action seeking judgment on federal income tax assessments made against Defendant, Jay Dee Pfannenstiel, for the years 1983, 1984, 1985, 1986, 1987, and 1988 (Count I) and to foreclose federal

tax liens (Count II), encumbering Jay Dee Pfannenstiel's interest in certain real property located in McKinley County, New Mexico.

Defendant Pfannenstiel has not filed any tax returns since 1982. Notice and demand for payment of tax assessments for the years 1983-88 were mailed to Defendant Pfannenstiel in May 1992. Mr. Pfannenstiel returned the notice to the IRS complaining that since the address contained a zip code it was unauthorized and incorrect. Mr. Pfannenstiel has also renounced and revoked his social security number.

II.   *Discussion*

    A.   *Authorization for Suit*

        1.   *Motion to Dismiss*

Mr. Pfannenstiel argues that the Court lacks jurisdiction because the suit was not authorized by the Secretary of the Treasury. The provisions of 26 U.S.C. § 7401 state that a suit is properly authorized if the Secretary of the Treasury sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced. The complaint in this case begins with the following language: "The United States of America, directed on behalf of the Attorney General of the United States of America and pursuant to the provisions of

2

26 U.S.C. § 7401 ....." Mr. Pfannenstiel claims that "[a]lthough the United States alleges such action was so authorized, this defendant denied the allegation.  No presumption can be made regarding authorization for this type of action when such allegations are denied, and the issues are put to proof.  *U.S. v. Twenty-Two Firearms*, 463 F. Supp. 730 (D.C. Colo. 1979)."  Deft's Mot. at 3.

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The motion to dismiss should be denied.  The United States has properly pled that it has met the requirements of 26 U.S.C. § 7401, which includes the authorization of the Secretary of the Treasury.

### 2.    *Summary Judgment*

The United States attached to its motion for summary judgment a letter authorizing this suit and the declaration of the filing attorney attesting to proper authorization.  Once again, 26 U.S.C. § 7401 provides that a suit is properly authorized if the Secretary of the Treasury sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.  The term "delegate" means any officer, employee or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly or indirectly by one or

more redelegations of authority to perform the function mentioned.  26 U.S.C. § 7701(a)(12)(A).  Accordingly, a letter from the legal office of an agency of the Department of Treasury authorizing the commencement of a lawsuit is sufficient to establish the first requirement of Section 7401.  *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The letter attached to the motion clearly shows the suit was authorized.  The United States is entitled to summary judgment on the issue of whether or not this proceeding was authorized by the Secretary of the Treasury.

   B.   *The Complaint State a Claim*

   With the exception of civil fraud penalty assessments, federal income tax assessments, including civil penalties and interest, "are generally presumed valid and establish a prima facie case of liability against a taxpayer." *Freck v. Internal Revenue Serv.*, 37 F.3d 986, 992 n. 8 (3d Cir. 1994); *Becker v. Internal Revenue Serv.*, 804 F. Supp. 658, 668 (D.N.J. 1992) (civil penalty presumptively correct). The burden is on the taxpayer to persuade the fact finder that the income tax assessments are erroneous.  *See Sullivan v. United States*, 618 F.2d 1001, 1008 (3d Cir. 1980).

The Forms 4340 attached to the Government's motion are prima facie evidence of assessment and that notice and demand were made.  *See Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981); *Psaty v. United States*, 442 F.2d 1154, 1159-60 (3d Cir. 1971).  Thus, the Government established its prima facie case by offering into evidence the certification of the IRS assessments.  *Psaty v. United States, supra*; *Sadowski v. United States*, 687 F. Supp. 966, 972 (E.D. Pa. 1988).  The burden therefore shifts to the Defendant.  *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Higginbotham v. United States*, 556 F.2d 1173, 1175 (4th Cir. 1977); *Psaty v. United States*, 442 F.2d at 1160; *United States v. Eshelman*, 663 F. Supp. 285, 287 (D. Del. 1987).  Defendant has produced no such evidence.

Defendant Pfannenstiel also maintains this suit is barred by 26 U.S.C. § 6213.  While the exact outlines of Defendant's argument are unclear, he seems to argue the Government has no documents from him and is therefore unable to calculate his income and thus any tax deficiency.  The law has rejected the argument that it violates a defendant's constitutional rights to allow the Internal Revenue Service to calculate his taxes on years in which he failed to file.  *Cameron v. Internal Revenue Serv.*, 593 F. Supp. 1540 (N.D. Ind. 1984), *aff'd*, 773 F.2d 126 (7th Cir. 1985).  It is also clear that Defendant Pfannenstiel missed the

5

deadline for filing a petition for redetermination of the tax deficiency which is jurisdictional. *Tadros v. Comm'r of Internal Revenue*, 763 F.2d 89 (2d Cir. 1985). Since Defendant Pfannenstiel received and returned the Notice to the IRS but failed to file a petition for redetermination, this Court has no jurisdiction to entertain his challenge to the tax amounts contained in the Notice. *DeWelles v. United States*, 378 F.2d 37 (9th Cir.), *cert. denied*, 389 U.S. 996 (1967); *Rutas Aereas Nacionales v. United States*, 373 F.2d 213 (5th Cir. 1967). A defendant who fails to petition the Tax Court within ninety days of the mailing of the assessment notice may not withhold payment of taxes but may subsequently contest the assessment by paying the tax and claiming a refund. *Cohen v. United States*, 297 F.2d 760 (9th Cir.), *cert. denied*, 369 U.S. 865 (1962). Defendant has not done so.

### *Conclusion*

The Court has previously held at oral argument that the suit is properly authorized and that the complaint states a valid cause of action. Plaintiff properly mailed and Defendant Pfannenstiel received copies of the tax assessment and has produced no evidence of a timely and proper protest. Defendant Pfannenstiel is therefore barred from challenging the amounts assessed. The validity of any tax

6

liens and the relationship between Pfannenstiel and Golden Growth Enterprises,

if any, is already scheduled for trial.

## O R D E R

For the reasons stated above, the Government's motion for partial summary

judgment is GRANTED.

A Judgment consistent with this opinion shall be filed herewith.


Dated at Albuquerque this 15th day of February, 2001.



BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:
    Joseph A. Pitzinger, III, Tax Division, Dallas, TX

Counsel for Defendants *Pro Se*:
    Jay Dee Pfannenstiel, Gallup, NM