IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 01 SEP 24 AM 10: 45 |
| Plaintiff, ) | CIV. 98-117 BB/DJS |
| v. ) | |
| JAY DEE PFANNENSTIEL, GOLDEN ) GROWTH ENTERPRISES COMPANY, ) | MEMORANDUM OPINION |
| Defendants. ) | |

This matter is before the Court on the defendant's "Motion for New Trial, or in the Alternative, to Alter and/or Amend Judgment" (Filing No. 136; see also Filing No. 138) and the Government's response to said motion (Filing No. 137). The underlying action was brought by the plaintiff, United States of America (Government), against the defendants, Jay Dee Pfannenstiel and Golden Growth Enterprises (GGE), seeking to reduce federal income tax assessments to judgment, set aside two real estate conveyances as fraudulent, and foreclose on federal tax liens. Following a two-day bench trial, the Court held that the Government was the holder of federal tax liens in the amount of $174,417.19, plus interest from and after February 27, 2001, as provided by law (See Filing Nos. 133, 134). The conveyance of real estate by the defendant to Lori Herrera (a/k/a Lori Silva), and the subsequent conveyance by Ms. Herrera to GGE, were determined to be fraudulent under New Mexico law and were set aside (See Filing Nos. 133, 134). The Court authorized the

Government to sell the property at a Marshal's sale in order to satisfy the outstanding liens (See Filing Nos. 133, 134).

## I. STANDARD OF REVIEW

Pursuant to Rule 59(e) a judgment may be altered, amended, or set aside. *Reynolds v. Condon*, 908 F.Supp. 1494, 1525 (N.D.Iowa 1995)(citations omitted). For the Court to alter or amend the judgment, the defendant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)(citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 835 F.2d 710 (7th Cir. 1987)); *Reynolds*, 908 F.Supp. at 1526 (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). The Court possesses "broad discretion in determining whether to grant a motion to alter or amend." *Hagerman*, 839 F.2d at 413.

The Court's discretion, although broad, is not limitless. "There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend." *American Home Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Rule 59(e) only provides a means to reconsider "matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of*

*Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982).

## II. DISCUSSION

The defendant argues that he is entitled to a new trial, or that the Court's February 27, 2001, order should be altered, amended, or set aside, for two reasons. First, he claims that the Court erroneously barred him from challenging the underlying federal income tax assessments at trial. Second, he argues that the Government's action to set aside the real estate conveyances as fraudulent under New Mexico law NMSA 56-10-23, was extinguished before the government filed its suit.

### A. Tax Assessments

In a pre-trial order entering partial summary judgment for the Government, Judge Black concluded that the defendant's failure to file a petition for redetermination divested the Court of jurisdiction over any challenges to the tax amounts contained in the Notice (Filing Nos. 119, 120). The defendant sought clarification of this order before the commencement of trial. The Court adopted Judge Black's order as the law of the case and reiterated that the defendant could not challenge the underlying federal income tax assessments. The only issues remaining for trial, explained the Court, were the validity of the tax liens and whether the challenged real estate conveyances were fraudulent under New Mexico law.

In an action to reduce federal income tax assessments to judgment, the Government bears the initial burden of proof. *United States v. Powell*, 2001 WL 283808 at 3 (D.Ariz. 2001). It satisfies this burden by offering into evidence the tax assessments in addition to substantive evidence linking the defendant to an income-generating activity or asset. *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991). "[O]nce some substantive evidence is introduced demonstrating that the taxpayer received unreported income[,]" a presumption of correctness attaches to the assessments. *Id.*

Once the presumption of correctness has attached, the burden then shifts to the defendant to demonstrate that the assessments are incorrect. *Powell*, 2001 WL 283808 at 4. A defendant can not rest merely on conclusory allegations that the assessments are excessive, over-reaching, arbitrary, incorrect, et cetera. He or she must produce "credible and relevant" evidence sufficient to overcome the presumption of correctness. *Resyn Corporation v. United States*, 851 F.2d 660, 663 (3rd Cir. 1988); *Erickson v. Commissioner of Internal Revenue*, 937 F.2d 1548, 1551 (10th Cir. 1991).

At trial the Government introduced Form 1040 Certificates of Assessment and Payment Forms. In addition, the Government demonstrated that the defendant had engaged in income-producing activity. The Court's factual finding reflect that:

>The defendant has lived on, and derived profit from, the property since the 1970's. Defendant conducts a storage rental business on the property called "Zuni Self Storage," receiving and keeping all rental payments.

(Filing No. 133). The Court also found that:

>Defendant's use of the property did not change after it was transferred to Ms. Herrera, nor did his use change after Ms. Herrera's alleged transfer of the property to Golden Growth. Defendant continued to make the mortgage payments on the property to Gallup Federal Savings and Loan Association (GFSL). He also signed for the paid note and release of mortgage at GFSL in 1988. Utilities and property taxes for the property are paid by the defendant.

(Filing No. 133). This evidence established that the defendant received unreported income, and it triggered a presumption that the assessments were valid.

At that time, the defendant should have been allowed to offer evidence challenging the correctness of the assessments. The Court's application of Judge Black's order effectively deprived defendant of an opportunity to satisfy his evidentiary burden.

"[W]hen the Government seeks the aid of the courts in enforcing the assessment in any form, it opens the assessment to judicial scrutiny in all respects." *United States v. O'Connor*, 291 F.2d 520, 527 (2nd Cir. 1961). This action was

brought by the Government, and there is no evidence that the defendant had the opportunity to challenge the assessments in a previous judicial proceeding. *Shades Ridge Holding Company, Inc. v. United States*, 888 F.2d 725, 728 (11th Cir. 1989)(explaining that taxpayer may not be allowed to challenge the underlying assessments when there was a previous Tax Court action). The Court finds that the defendant should have been permitted to challenge the underlying federal income tax assessments at trial. In its response, the Government agrees that the defendants should have been provided this opportunity.

At trial the Government established the validity of the assessments. The burden shifted to the defendant to demonstrate that the assessments were incorrect. In order to remedy the Court's erroneous adoption of Judge Black's entry of partial summary judgment, defendant will be provided an opportunity to present evidence and arguments challenging the assessments and the amounts thereof.

### B. Conveyances

Defendant argues that the Government's claim to set aside the real estate conveyances under New Mexico's Uniform Fraudulent Transfers Act (UFTA) was extinguished. He does not, however, challenge the Court's conclusion that the transfers were fraudulent.

The Court's judgment states that "[t]he conveyance of the property by Jay Dee Pfannenstiel to Lori Herrera (a/k/a Lori Silva) constitutes a fraudulent conveyance under New Mexico law and is hereby set aside." (Filing No. 134). The Memorandum Opinion reflects that the Court applied the UFTA to determine whether the real estate conveyances were fraudulent. The conveyances at issue occurred in 1984 and are therefore governed by the pre-UFTA Uniform Fraudulent Conveyances Act (UFCA). See N.M.STAT.ANN. §§ 56-10-1 through 56-10-13 (repealed June 16, 1989). The Court's Judgment will not be disturbed, however, because under the UFCA the result is the same.

A conveyance is fraudulent under the UFCA if it is made "with actual intent [. . .] to hinder, delay or defraud present of future creditors[.]" N.M.STAT.ANN. § 56-10-7 (1984). In determining whether "actual intent" is present, courts may consider whether:

> (1) the transfer or obligation was to an insider;
>
> (2) the debtor retained possession or control of the property transferred after the transfer;
>
> (3) the transfer or obligation was disclosed or concealed;
>
> (4) before the transfer was made or obligation was incurred, the debtor has been sued or threatened with suit;

>   (5) the transfer was of substantially all the debtor's assets;
>
>   (6) the debtor absconded;
>
>   (7) the debtor removed or concealed assets;
>
>   (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
>   (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
>   (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
>
>   (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

N.M.STAT.ANN. § 56-10-18B.

The evidence established that the defendant conveyed the property to Ms. Herrera with the actual intent to delay or defraud the United States Government and, therefore, the conveyance was fraudulent under the UFCA. Defendant admitted at trial that he arranged the conveyances in order to protect his property from creditors. Defendant further admitted that the conveyance to Ms. Herrera was not supported by any consideration. At the time of the conveyance, defendant was deficient in paying his federal income tax. At trial he stated that the property is

"all I have." The effect of the conveyance was to render the defendant insolvent, as the property constituted substantially all of his assets.[1]

The evidence at trial further established that neither Ms. Herrera nor GGE took title to the property ". . . for fair consideration. . . ." See N.M.STAT.ANN. § 56-10-9 (1984). There is no evidence that Ms. Herrera's conveyance to GGE was supported by *any* consideration. According to her testimony, she was unaware the defendant conveyed the property to her, she does not remember signing the deeds, nor does she remember conveying the property to GGE. Ms. Herrera was unwittingly used by the defendant as an intermediary to effect the fraudulent conveyance to GGE. Golden Growth Enterprises is merely the defendant's alter ego. The defendant retained possession and control of the property at all times -- living and operating his business on it. Under the UFCA the conveyance from Ms. Herrera to GGE was void.

### III. CONCLUSION

The Court rejects the defendant's argument that the Government's claim under the UFTA had expired. The real estate

---

[1] These facts also establish that the conveyance from the defendant to Ms. Herrera was fraudulent under § 56-10-4 of the UFCA. Section 56-10-4 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." N.M.STAT.ANN. § 56-10-4 (1984).

conveyances at issue in this case are governed by New Mexico's UFCA and the Government's claims, therefore, are not subject to the UFTA's claim-extinguishment provision.[2] The Government established that the real estate conveyances by the defendant to Ms. Herrera, and by Ms. Herrera to GGE, were fraudulent under the UFCA. The Court's Judgment setting aside the real estate conveyances as fraudulent under New Mexico will not be altered, amended, or set aside.

The defendant, however, should have been allowed to challenge the underlying federal income tax assessments at trial. He will be permitted to present evidence and arguments challenging the validity of the federal income tax assessments, and the amounts thereof. A hearing will be scheduled to provide

---

[2] Although claims under the UFTA "extinguish" if not brought within four years, claims under the UFCA, in contrast, are governed by a four-year statute of limitations. Judge Parker, in *United States v. Spence*, 1999 WL 1800801 (D.N.M. 1999), concluded that the "[United States], as sovereign, is not governed by the State of New Mexico's four-year statute of limitations period [under the UFCA], but is instead governed by 26 U.S.C. § 6502's ten-year statute of limitation." *Spence* at 7. In an unpublished opinion the 10th Circuit agreed with Judge Parker's conclusion. See *United States v. Spence*, 244 F.3d 392 (10th Cir. 2000), 2000 WL 1715216. The ten-year statute of limitations begins to run when the deficiency assessment is sent. In this case the action was properly commenced within ten (10) years of the 1992 deficiency assessment.

defendant this opportunity.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 21st day of September, 2001.

BY THE COURT:

_____
LYLE E. STROM, Senior Judge
United States District Court