FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
OCT 24 2001
Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIV. 98-117 JBB/DJS |
| ) | |
| v. ) | |
| ) | |
| JAY DEE PFANNENSTIEL, GOLDEN ) | MEMORANDUM OPINION |
| GROWTH ENTERPRISES COMPANY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the defendant's "Motion for New Trial, or in the Alternative, to Alter and/or Amend Judgment" (Filing No. 136; see also Filing No. 138) and the government's response to said motion (Filing No. 137). This motion was denied in part and granted to the extent that defendant would be given an opportunity to challenge the assessments, and a hearing was scheduled for 9 a.m., October 15, 2001, wherein defendant would be provided this opportunity. (See Filing Nos. 139, 140). Hearing was held and both the government and the defendant adduced evidence. The matter is now ready for final decision.

## I. DISCUSSION

In an action to reduce federal income tax assessments to judgment, the government bears the initial burden of proof. See *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991); see generally *Resyn Corporation v. United States*, 851 F.2d 660, 662-63 (3rd Cir. 1988); see also *United States v. Powell*,


143

2001 WL 283808 at 3 (D.Ariz. 2001). It satisfies this burden by offering into evidence the tax assessments in addition to substantive evidence linking the defendant to an income-generating activity or asset. *McMullin* at 1192. "[O]nce some substantive evidence is introduced demonstrating that the taxpayer received unreported income[,]" a presumption of correctness attaches to the assessments. *Id*.

After the presumption of correctness has attached, the burden then shifts to the defendant to demonstrate that the assessments are incorrect. *Erickson v. Commissioner of Internal Revenue*, 937 F.2d 1548, 1551 (10th Cir. 1991); *Powell*, 2001 WL 283808 at 4. A defendant cannot rest merely on conclusory allegations that the assessments are excessive, over-reaching, arbitrary, incorrect, *et cetera*. He or she must produce "credible and relevant" evidence sufficient to overcome the presumption of correctness. *Resyn Corporation*, 851 F.2d at 663; *Erickson* at 1551.

At trial in February, 2001, the government introduced Form 4340 Certificates of Assessment and Payment Forms. "Form 4340 is highly probative, and in the absence of contrary evidence, is sufficient to establish that an assessment was properly made and that notices and demand for payment were sent." *Powell*, 2001 WL 283808 at 3. In addition, the government

demonstrated that the defendant had engaged in income-producing activity. The Court's factual finding reflect that:

> The defendant has lived on, and derived profit from, the property since the 1970's. Defendant conducts a storage rental business on the property called "Zuni Self Storage," receiving and keeping all rental payments.

(Filing No. 133). In addition, the Court found that:

> Defendant's use of the property did not change after it was transferred to Ms. Herrera, nor did his use change after Ms. Herrera's alleged transfer of the property to GGE. Defendant continued to make the mortgage payments on the property to Gallup Federal Savings and Loan Association (GFSL). He also signed for the paid note and release of mortgage at GFSL in 1988. Utilities and property taxes for the property are paid by the defendant.

(Filing No. 133). This evidence established that the defendant received unreported income and further triggered the presumption of validity. The Court explained that this meant the defendant would not be allowed to "rest merely on conclusory allegations that the assessments are excessive, over-reaching, arbitrary, incorrect, et cetera" and at the October 15th hearing he would need to produce "credible and relevant evidence sufficient to overcome the presumption of correctness." (Filing No. 139).

At the hearing the defendant failed to overcome the presumption of validity that had attached to the assessments.

Specifically, he failed to produce credible, relevant, evidence indicating that the assessments themselves were invalid or that the amounts reflected in the assessments were unreliable or incorrect. Instead, he merely argued that the assessments were naked, arbitrary, without a basis, and pulled "out of thin air".

Defendant claimed that the government's Exhibit 28A, which consists of the Form 4340 Certificates of Assessment and Payment Forms, constitutes inadmissable hearsay and should not have been considered by the Court at trial. This argument is meritless, as it is well-established that IRS Form 4340 is admissible as a public record under Fed.R.Evid. 803(8) and is sufficient to establish that notice of deficiency was properly served and assessment of deficiency properly made. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993); *Long v. U.S.*, 972 F.2d 1174, 1181 (10th Cir. 1993); *United States v. Schmidt*, 1992 WL 193654 at 2-3 (D.Kan. 1992).

At the hearing defendant also called Internal Revenue Officer Mr. David Rehbein as a witness and asked him to explain the basis for the figures reflected in the assessments. Defendant explained that he was trying to use Mr. Rehbein's testimony to illustrate that the assessments had no factual basis and were unreliable. Mr. Rehbein, however, testified he was not responsible for computing the defendant's income during the years in question and stated that he did not determine the defendant's

tax liability. As Mr. Rehbein explained, he was only responsible for collecting the defendant's outstanding tax liability and computing the interest and applicable penalties as they accrued. Mr. Rehbein's testimony did not undermine the Court's confidence in the validity, or accuracy, of the assessments.

The Court notes that the defendant has never claimed he had no income during the years in question. Furthermore, he has not offered into evidence any records or other materials reflecting what his earnings were from 1982 through 1988, nor has he offered any evidence that suggests his income and tax liability were actually less than the amounts reflected in the assessments. At the October 15th hearing, the Court asked the defendant whether he had ever provided records or materials to the I.R.S. to aid them in determining his income and tax liability. The defendant indicated that he could not recall whether the I.R.S. had ever asked him to provide any records or information reflecting his income. He further stated that even if such a request had been made he could not recall whether he in fact complied with the request.

The Court finds that the defendant's answer was untruthful and evasive. As government's Trial Exhibit 11 reflects, the defendant refused to cooperate with the I.R.S.'s efforts to determine his income and attendant tax liability. "It is well established that taxpayers are required to keep adequate

records or books from which their correct tax liability may be determined." *Erickson v. Commissioner of Internal Revenue*, 937 F.2d 1548, 1554 (10th Cir. 1991); see *U.S. v. Gosnell*, 961 F.2d 1518 (1992); 26 U.S.C. § 6001; 26 C.F.R. 1.6001-1. When a taxpayer fails to file returns, keeps inadequate records, or keeps no records whatsoever, the Commissioner can use any reasonable means to reconstruct the taxpayer's income. *Erickson* at 1554.

After the defendant had presented his challenges to the assessments, the government offered Exhibits 50A and 50B into evidence. These exhibits contained, among other things, correspondence between the defendant and the I.R.S. Revenue Agent who computed his tax liability. The Court sustains the defendant's objection to the introduction of these exhibits and these materials were not considered by the Court. These materials, furthermore, were superfluous as the government had already established its prima facie case and the presumption that the assessments were valid had been triggered. Defendant has failed to produce evidence sufficient to rebut the presumption of validity and judgment was appropriately entered for the government.

For the reasons expressed in the Court's memorandum opinion filed April 4, 2001 (Filing No. 134), those contained in the September 21, 2001 memorandum opinion and order (Filing Nos.

139, 140), and in this memorandum opinion, judgment will be entered for the government. A separate order will be entered in accordance therewith.

DATED this 22nd day of October, 2001.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court